# EXHIBIT A

**Page 1 - 111**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

```
Nevro Corp.,                     )
                                 )
         Plaintiff,              )
                                 )
  VS.                            )    NO. CV 16-6830 VC
                                 )
Boston Scientific Corporation    )
and Boston Scientific            )
Neuromodulation Corporation,     )
                                 )
         Defendants.             )
_____)
```

                                             San Francisco, California
                                             Friday, July 6, 2018

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:          MORRISON & FOERSTER, LLP.
                            425 Market Street
                            San Francisco, CA   94104
                 **BY:** **MICHAEL A. JACOBS, ESQ.**
                            **JENNIFER J. SCHMIDT, ESQ.**

                            MORRISON & FOERSTER, LLP
                            755 Page Mill Road
                            Palo Alto, CA   94304
                 **BY:** **ERIC PAI, ESQ.**
                            **KENNETH A. KUWAYTI, ESQ.**
                            **ALESSA HWANG, ESQ.**

ADDITIONAL APPEARANCES ON FOLLOWING PAGE

Reported By:            Vicki Eastvold, RMR, CRR
                            Official Reporter

```
For Defendants:        ARNOLD & PORTER KAYE SCHOLER LLP
                       601 Massachusetts Ave, NW
                       Washington, D.C.  20001
                   BY: MATTHEW M. WOLF, ESQ.
                       MARC A. COHN, ESQ.
                       PATRICK REIDY, ESQ.

                       ARNOLD & PORTER KAYE SCHOLER, LLP
                       3000 El Camino Real, Bldg. 5, Suite 500
                       Palo Alto, CA   94306
                       KRISTA M. CARTER, ESQ.
                       THOMAS T. CARMACK, ESQ.
```

```
 1   actually --
 2          THE COURT:  But you argue that that doesn't -- you
 3   argue that that continues to infringe.
 4          MR. JACOBS:  And you seem --
 5          THE COURT:  You argue that it continues to infringe
 6   why?
 7          MR. JACOBS:  Because it was designed to.  And the mere
 8   --
 9          THE COURT:  Because it's capable of.
10          MR. JACOBS:  That's where I think we're -- see, that's
11   a difference, actually.  It is no longer capable of under one
12   meaning of "capable of."  Under another meaning -- this is why
13   "capable of" is not -- why both sides, I think, abjured from
14   "capable of."  It's capable of if we take those lines of
15   programming out.  Their expert said that.
16          THE COURT:  So if somebody designs something --
17   somebody designs something to accomplish a purpose, but then
18   renders it unable to accomplish that purpose, it can still
19   infringe?
20          MR. JACOBS:  That is the argument we advanced as a
21   matter of fact.  We construed the claims.  And then as a matter
22   of fact we said a reasonable jury under this set of claim
23   constructions and facts could conclude that the Spectra
24   WaveWriter, Version 2, infringes.
25          Now, you could conclude, and of all the tentatives in here
```

```
 1    the one that I -- that are against us -- the one that I think
 2    honestly is the strongest is that one.  That the Version 2 is
 3    no longer designed.  It was un-designed.  I get that.  I see
 4    the -- sort of the horns of the dilemma that that argument puts
 5    us on.  But I don't think that makes configuration indefinite
 6    -- or, configuring, configured to.
 7            THE COURT:  Okay.  Should we talk about
 8    non-paresthesia-producing signal?
 9            MR. JACOBS:  Yes.  So, Your Honor, we have some
10    slides.
11            MR. WOLF:  May I sit down until it's my turn?
12            THE COURT:  You're free to, if you like.
13            MR. JACOBS:  May I approach your --
14            THE COURT:  Sure.  Thank you.
15            MR. JACOBS:  Can I pause on the last topic for a
16    minute?
17            THE COURT:  Sure.
18            MR. JACOBS:  Your tentative actually said "capable of"
19    or "programmable to."
20            THE COURT:  Yeah.
21            MR. JACOBS:  And I saw a possibility of what you might
22    have been thinking, which is that sometimes the word -- the
23    "configure" word -- let's just use the "configure" to cover all
24    of it -- "configure" word is used with, for example, configured
25    to be implantable.
```

1        **THE COURT:** So you're sort of -- and I'm just trying
2    to figure out practically how that works when you're practicing
3    the invention.  You say, All right, well, we're going to guess
4    that when somebody's had the thing implanted for a couple years
5    they're going to need greater amplitude, or something.  They're
6    going to need something different to -- stronger signal or
7    something different to mask the pain as effectively as before.
8        **MR. JACOBS:** I think in practice there will be some
9    kind of device that says "Go to pre-set program 1," "Go to
10   pre-set program 2," and it will probably be external.  I
11   acknowledge that.  I can't imagine a scenario in which it's
12   internal, but I'm not an engineer, I haven't designed all these
13   things.  The specification language, to the extent we were
14   talking about variable-by-variable being input, the
15   specification suggests an alternative embodiment.
16       By the way, I think programmable by user is what -- I
17   understood that's what you had in mind with programmable.  Not
18   programmable in the sense that somebody could go into the
19   internals of the IPG and re-write the firmware.
20       **THE COURT:** Correct.  That is what I had in mind.
21       **MR. JACOBS:** And I think that helps with the question
22   that was raised about what "programmable" means.
23       **THE COURT:** Say more about that.
24       **MR. JACOBS:** So counsel argued "programmable" could
25   mean a lot of things.  "Programmable" could mean go into the

```
 1   firmware and change the programming.  This is the one-word
 2   two-meanings problem of programming here.  Programming, in the
 3   SCS world, means setting the parameters for the finished
 4   device.  And when you said programmable as a possibility, we
 5   had in mind the finished device.
 6            THE COURT:  Yes.
 7            MR. JACOBS:  And that is -- if you follow that logic,
 8   that is why WaveWriter, Version 2, does not infringe because it
 9   is not programmable by the user to operate at high-frequency.
10   And that was your tentative ruling.  So that's how we
11   understood the logic of that.
12            THE COURT:  Correct.
13            MR. JACOBS:  One other case that's kind of
14   interesting, Your Honor, on the indefiniteness issue.  This is
15   *Pfizer versus Teva*.  This is slide 59.  855 F.Supp. 2d 286 at
16   page 300.  And the language there was really interesting.  Not
17   only was there "pharmaceutically effective amount" language,
18   but also reduced undesirable side effects and with no reduction
19   in efficacy.
20        So that's the claim language here.  We're going to
21   administer this substance, with very little specificity about
22   how we're going to administer it, but we're going to achieve
23   reduced undesirable side effects and with no reduction in
24   efficacy.
25        That claim language was upheld by the district court in
```

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Saturday, July 7, 2018

/s/Vicki Eastvold

Vicki Eastvold, RMR, CRR
U.S. Court Reporter